UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL CASTILLO-ANTONIO, Plaintiff, v. JESUS MATA, et al., Defendants. | Case No. 21-cv-00692-VC **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT** Re: Dkt. No. 11 |

Castillo-Antonio filed this suit against the grocery store El Pueblo Panaderia #1 and its owners for violations of the Americans with Disabilities Act (ADA), California disability and civil rights laws, and the California Unruh Act. As alleged in the complaint, Castillo-Antonio is handicapped and must use a walker, and was prevented from fully accessing the grocery store because of three architectural barriers: (1) a partially blocked main entrance; (2) a service counter that does not comply with the statutory width and height requirements; and (3) aisles that do not comply with the statutory width requirements. Castillo-Antonio moved for default judgment on the ADA and Unruh Act claims, seeking injunctive relief, attorney's costs and fees, and statutory damages under the Unruh Act.

The motion for default judgment on the ADA and Unruh Act claims is largely granted, for the reasons given in the motion. The Court has personal jurisdiction over the defendants and subject matter jurisdiction over the case; the defendants were properly served; and Castillo-Antonio has standing to sue. The *Eitel* factors also weigh in favor of default judgment: the complaint adequately alleges violations of the ADA and its implementing regulations, a violation of the ADA automatically constitutes a violation of the Unruh Act, and the defendants are aware

of the lawsuit and have communicated with Castillo-Antonio about it. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); Cal. Civ. Code § 51(f).

As to relief, the ADA provides for injunctive relief, and both the ADA and the Unruh Act allow for reasonable attorney's fees and costs. *See* 42 U.S.C. §§ 12188(a)(2), 12205; Cal. Civ. Code § 52(a). Castillo-Antonio is thus awarded the $2,835 in attorney's fees and $687.50 in costs that he requests. The defendants are also ordered to provide a main entrance, service counter, and aisles that comply with the ADA, subject, of course, to the "readily achievable" standard.

However, Castillo-Antonio's request for statutory damages under the Unruh Act is partially denied. The Unruh Act allows for statutory damages of $4,000 "based on each particular occasion that the plaintiff was denied full and equal access" to a place of public accommodation. Cal. Civ. Code §§ 55.56 (f); *see id.* § 52(a). Castillo-Antonio alleges that he visited El Pueblo Panaderia #1 on four occasions, and he seeks $12,000 in damages based on three of these occasions. But as Castillo-Antonio acknowledged at the hearing on the motion for default judgment, the Court has discretion to award damages for a fewer number of visits. The statute includes permissive language stating that "[s]tatutory damages *may* be assessed . . . based on each particular occasion that the plaintiff was denied full and equal access." *Id.* § 55.56(f) (emphasis added). And there would be serious equitable concerns if a plaintiff could rack up statutory damages by visiting an establishment time and time again before filing a lawsuit to claim damages based on each and every one of those visits. *See Angelucci v. Century Supper Club*, 41 Cal. 4th 160, 178-180 (2007); *Yates v. Bacco*, 2014 WL 1089101, at *15 (N.D. Cal. Mar. 17, 2014).

Given this discretion, the Court declines to award statutory damages for any visit except the first. On a motion for default judgment, the plaintiff has the burden to show that they are entitled to the relief they seek, and Castillo-Antonio has not shown that these facts support an award of statutory damages for multiple visits. Castillo-Antonio went to El Pueblo Panaderia #1 four times in a span of only 10 months (March 10, 2020; June 14, 2020; November 7, 2020; January 10, 2021), despite neither living nor working close to the store. There is no evidence that

Castillo-Antonio ever raised the issue of the barriers with any store employees or owners, by letter or otherwise. There is similarly nothing to suggest that he had reason to believe the barriers would be removed after his first visit, or after either the second or third visit. Castillo-Antonio is also a sophisticated plaintiff, having served as a plaintiff in at least 172 ADA cases in the Northern District of California alone. It is not reasonable to award a sophisticated ADA plaintiff statutory damages for three separate visits when they have done nothing to communicate the access concerns to the defendant. The Court thus limits the award of statutory damages to the first occasion that Castillo-Antonio encountered access barriers at El Pueblo Panaderia #1.

Default judgment is entered against the defendants on the ADA and Unruh Act claims. Castillo-Antonio is awarded $4,000 in statutory damages for one visit, and $3,522.50 in fees and costs. An injunction is entered against the defendants in the manner described above.

**IT IS SO ORDERED.**

Dated: July 16, 2021

VINCE CHHABRIA
United States District Judge